

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 20, 1948

Hon. James C. Martin  
County Attorney  
Nueces County  
Corpus Christi, Texas

Opinion No. V-747.

Re: The authority of Nueces County to erect branch county office buildings in Robstown and Bishop.

Dear Mr. Martin:

Your request for an opinion is substantially as follows:

"Shall the Commissioners Court of Nueces County, Texas be authorized to issue bonds of said county in the amount of $130,000.-00, to become due and payable serially in not to exceed twenty-five years from the date thereof, bearing interest at a rate not to exceed 4% per annum, payable annually or semi-annually for the purpose of securing funds to provide necessary public buildings to be used for county purposes and described as follows:
(1) Horticultural and agricultural exhibit building in Robstown, Texas;
(2) Branch county office building in Robstown, Texas;
(3) Branch office building in Bishop, Texas; and shall the Commissioners Court of Nueces County, Texas be authorized to levy, have assessed and collected annually while said bonds or any of them are outstanding, a tax on the $100.00 valuation of taxable property in said county at a rate sufficient to pay interest on and to provide a sinking fund to pay the bonds at maturity?

"There is some question in our minds as to whether the county has authority to build the branch offices buildings in Robstown, Texas, and Bishop, Texas. These offices are to be used by the County Tax Assessor-

Collector, the County Agriculture and De-
monstration Agents, and to furnish offices
for other county purposes. Neither Bishop
nor Robstown had populations in excess of
10,000 in 1940. The population of Robstown,
according to the 1940 census was 6,700 and
now estimated to be in the vicinity of 20,-
000. The population of Bishop in 1940 was
1,300 and is now estimated to be in the vi-
cinity of 3,500."

It is the established doctrine of this State
and has been repeatedly held that a county may not is-
sue bonds unless such power is expressly conferred by
law. San Patricio County v. McClane, 44 Tex. 392; Rob-
inson v. Breedlove, 61 Tex. 316.

Article 2351, V. C. S., provides, in part, as
follows:

"Each Commissioners' Court shall: . . .

"7. Provide and keep in repair Court
Houses, Jails and other necessary public
buildings."

As to your first factual situation, Article
2372d, V. C. S., furnishes sufficient authority for the
County to construct a horticultural and agricultural
exhibit building in Robstown, Texas; however, neither
this nor any other statutory or constitutional provi-
sion authorizes the voting and issuing of bonds for
such a purpose. In the absence of such authority, the
Commissioners' Court cannot issue said bonds. (Adams
v. McGill, 146 S.W. 2d, 332).

As to your second and third factual situa-
tions, it is the opinion of this office that the Com-
missioners' Court of Nueces County in the exercise of
its sound discretion is legally authorized to purchase
the building involved for the intended purpose under
and by virtue of the provisions of Section 7, Article
2351, V. C. S.; however, we have been unable to find
any authority which would authorize the issuance of
bonds for such purpose.

In the case of Dancy v. Davidson, 183 S. W. (2d) 195, the court stated as follows:

"Article 1605, together with the amendments thereto (including Article 1605a), relate to offices which under the provisions of the original article must be maintained at the county seat. This article, or its amendments, can not be construed as restricting or taking away the power of the Commissioners' Court to provide public buildings to house public agencies not required by law to be located at the county seat. Although it is contemplated that a branch of the office of the County Assessor and Collector of Taxes will be located in the building, the primary use intended is not that of a subcourthouse or building in which to house various branch agencies whose main offices must be situated at the county seat, which is the situation contemplated and provided for by Article 1605a.

"(7) We conclude, therefore, that the Commissioners' Court of Cameron County is legally authorized to purchase the building involved for the purposes intended, provided, of course, that in making the financial arrangements for such purchase, the provisions of the Uniform Budget Law (Article 689a-9 to 689a-12, inclusive, Vernon's Ann. Civ. Stats., relating to counties) were complied with."

Therefore, it is the opinion of this office, based on the foregoing authorities, that Nueces County does not have the authority to issue bonds for the purpose of securing funds to provide necessary public buildings enumerated in your opinion request.

### SUMMARY

Nueces County does not have authority to issue bonds for the purpose of securing funds to erect public buildings for horticultural and agricultural purposes, branch

Hon. James C. Martin, page 4 (V- 747)

office building in Robstown, Texas, and
branch office building in Bishop, Texas.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:mw:bh

APPROVED:

ATTORNEY GENERAL